MF:MMS
F.#2005R01013

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 08 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

SLOBODAN ALEKSIC,

           Defendant.

- - - - - - - - - - - - - - - - -X

INDICTMENT

CR. NO. 09 451

(T. 18, U.S.C., §§
981(a)(1)(C), 982(a)(7)
1341, 1347, 2 and
3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

GLASSER, J.
POHORELSKY, M.J

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendant and His Practice

        1.    The defendant SLOBODAN ALEKSIC was a licensed physician in New York who specialized in neurology. His practice, located on Graham Avenue in Brooklyn, New York, was called both Slobodan Aleksic, M.D. and Graham Neurology P.C. ALEKSIC was the only doctor in his practice.

II.   The Medicare Program

        2.    Medicare was a United States government program that provided health insurance to individuals aged 65 or older, individuals under age 65 with certain disabilities, and individuals of all ages with End-Stage Renal Disease. Medicare was a "health care benefit program" as defined by 18 U.S.C. Section 24(b).

workers. The New York City Transit Authority is an example of a self-insured employer from whom the defendant sought reimbursement for treating injured workers.

IV. Physical Therapy

7. Pursuant to Article 136, Section 6732 of the New York State Education Law, "[o]nly a person licensed or otherwise authorized [by the statute] shall practice physical therapy." The defendant SLOBODAN ALEKSIC employed unlicensed individuals to perform physical therapy on patients. The majority of ALEKSIC's physical therapy claims involved Workers' Compensation claimants.

V. The Scheme to Defraud

8. In or about and between January 2003 and May 2008, the defendant SLOBODAN ALEKSIC, together with others, devised and executed a scheme and artifice to defraud Medicare, private insurance carriers and self-insured employers.

9. As part of the scheme, the defendant SLOBODAN ALEKSIC submitted claims for reimbursement that falsely and fraudulently sought reimbursement for procedures that he did not in fact perform, including for example, procedures that purportedly were performed during periods when the defendant was not present in the United States and for more procedures than could have been performed in a single day.

10. It was also part of the scheme that the defendant SLOBODAN ALEKSIC falsely and fraudulently sought reimbursement for personally performing physical therapy on patients, when, in

3

fact, such physical therapy was performed by individuals whom ALEKSIC knew were unlicensed.

11. It was also part of the scheme that the defendant SLOBODAN ALEKSIC falsely and fraudulently sought reimbursement from two different insurers for treating the same patient with the same procedure on the same day.

COUNT ONE
(Health Care Fraud)

12. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between January 2003 and May 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SLOBODAN ALEKSIC, together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud health care benefit programs, to wit: Medicare, private insurance carriers and self-insured employers, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of those health care benefit programs in connection with the delivery of and payment for health care benefits, items, and services.

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

## COUNTS TWO THROUGH SEVEN
(Mail Fraud)

14. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as though fully set forth in this paragraph.

15. In or about and between August 2005 and June 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SLOBODAN ALEKSIC, together with others, did knowingly and intentionally devise a scheme and artifice to defraud CNA, NYC Transit Authority, Travelers, Zurich American Insurance Co., Liberty Mutual Insurance Co. and Specialty Risk Services, and to obtain money and property from the insurance carriers by means of materially false and fraudulent pretenses, representations and promises.

16. For the purpose of executing and attempting to execute the scheme and artifice, and attempting to do so, the defendant SLOBODAN ALEKSIC, together with others, knowingly and intentionally placed and caused to be placed in authorized depositories for mail matter, to be delivered by the United States Postal Service, according to the directions thereon, the following mail matter:

| Count | Mailed Item | Insurance Carrier | Approximate Date of Mailing |
|---|---|---|---|
| 2 | Claim seeking reimbursement for procedures allegedly performed on 8/15/05, 8/17/05 and 8/20/05 as to Patient #1, whose identity is known to the Grand Jury | CNA | 8/26/05 |
| 3 | Claim seeking reimbursement for procedures allegedly performed on 8/15/05 and 8/17/05 as to Patient #2, whose identity is known to the Grand Jury | NYC Transit Authority | 1/2/06 |
| 4 | Claim seeking reimbursement for procedures allegedly performed on 12/31/05 as to Patient #3, whose identity is known to the Grand Jury | Travelers | 1/23/06 |
| 5 | Claim seeking reimbursement for procedures allegedly performed on 12/28/05 12/31/05 as to Patient #4, whose identity is known to the Grand Jury | Zurich American Insurance Co. | 2/13/06 |

| 6 | Claim seeking reimbursement for procedures allegedly performed on 12/28/05 12/31/05 as to Patient #5, whose identity is known to the Grand Jury | Liberty Mutual Insurance Co. | 3/7/06 |
|---|---|---|---|
| 7 | Claim seeking reimbursement for procedures allegedly performed on 12/29/05 as to Patient #6, whose identity is known to the Grand Jury | Specialty Risk Services | 6/1/06 |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
(Criminal Forfeiture Allegation for Count One)

17. The United States hereby gives notice to the defendant charged in Count One that, upon his conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses.

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(7))

### CRIMINAL FORFEITURE ALLEGATION
(Criminal Forfeiture Allegation for Counts Two Through Seven)

19. The United States hereby gives notice to the defendant charged in Counts Two through Seven that, upon his conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

8

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

9

# INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 08 2009 ★
BROOKLYN OFFICE

CR 09 451

GLASSER, J.
POHORELSKY, M.J

1. Title of Case: United States v. Slobodan Aleksic

2. Related Magistrate Docket Number(s):

   None ( X )

3. Arrest Date:

4. Nature of offense(s):  ☒ Felony
                           ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules):

6. Projected Length of Trial:  Less than 6 weeks  (X)
                                More than 6 weeks  ( )

7. County in which crime was allegedly committed: Kings
(Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?   (X) Yes  ( ) No

9. Have arrest warrants been ordered?   (X) Yes  ( ) No

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

By: _____
Marisa Megur Seifan
Assistant U.S. Attorney
718-254-6008

Rev. 3/22/01