FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 31 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

          Plaintiff,

-against-

SLOBODAN ALEKSIC,

          Defendant.
------------------------------------------------x

MEMORANDUM AND ORDER
09 CR 451 (ILG)

GLASSER, United States District Judge:

The defendant has moved this Court for an Order that would direct the government to (1) identify all alleged co-conspirators; and (2) provide him with all co-conspirators' statements intended to be presented at trial pursuant to Fed. R. Ev. 801(d)(2)(E).

This Court has had frequent occasion to address similar requests and denied them as it does this one, without restating all the fundamental principles regarding bills of particulars. It will suffice to make reference to a sampling of cases in which a similar request has been addressed. Perhaps cited most frequently is United States v. Torres, 901 F.2d 205, 233-34 (2d Cir. 1990), in which the Court held that a request for a bill of particulars is properly denied where the indictment and discovery sufficiently permit the defendant to avoid surprise and prepare for trial. Where those essentials have been provided, Courts have been highly reluctant to grant a request for the identity of co-conspirators or of others allegedly involved. United States v. Coffey, 361 F. Supp.2d 102, 122 (E.D.N.Y. 2005); United States v. Gotti, 784 F. Supp 1017, 1018 (E.D.N.Y. 1992). Cases to the same effect can be multiplied needlessly.

In its Memorandum of Law in Opposition to the defendant's motion, the government states its intention to identify the co-conspirators who will be called to testify with its production of material pursuant to the Jencks Act, before trial. It also states that it has already identified the defendant's wife, whose statements will be sought to be introduced pursuant to Rule 801(d)(2)(E). It will produce the statements of other non-testifying witnesses as well, in discharge of its Jencks Act obligation.

Surely the defendant is enabled to prepare for trial and will not be surprised, and his motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2011

S/ILG

_____
I. Leo Glasser