UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-

Slobodan ALEKSIC,

        Defendant.

-----------------------------------------------------x

MEMORANDUM AND ORDER
09 - CR - 0451

GLASSER, United States Senior District Judge

## Introduction

Before the Court is a motion in limine made by the defendant, Slobodan Aleksic ("Defendant" or "Aleksic") to preclude the Government from introducing evidence at his upcoming trial that he violated New York State law by employing unlicensed physical therapists at his medical practice. For the following reasons, the Defendant's motion is denied.

## Background

Familiarity with the underlying facts of the case is assumed. The facts relevant to the instant motion are as follows. The Defendant, a licensed physician in New York, specializing in neurology, was charged by superseding indictment with one count of conspiracy to commit health care fraud, one count of health care fraud and six counts of mail fraud. The indictment alleges that Aleksic perpetrated a scheme to defraud health care benefit programs by seeking reimbursement for 1) office visits and physical therapy

1

treatments that never occurred; 2) treating patients for medical conditions they did not have; and 3) physical therapy performed by individuals who Aleksic knew were unlicensed to perform physical therapy. (Second Superseding Indictment, ¶¶ 9-11.)

The Defendant moves that the Government be precluded from introducing evidence that the he violated New York law by employing unlicensed physical therapists because, Aleksic argues, the evidence is irrelevant to the fraud charges against him, citing to United States v. Finnerty, 533 F.3d 143, 150-51 (2d Cir. 2008) as controlling. Specifically, Aleksic argues that "there is no allegation in th[e] indictment that defendant falsely represented to insurance companies, or to anyone else, that he had employed licensed physical therapists." (Def. Mem. of Law, Doc. 48, p.2.) The Defendant also argues that the evidence is inadmissible under Federal Rule of Evidence ("FRE") 404(b) and FRE 403. The Defendant's arguments are without merit.

In Finnerty, the defendant, a specialist employed to match orders from buyers of a company's stock with sellers of that stock, violated a New York Stock Exchange ("NYSE") rule by "interpositioning"—trading on the difference between the buyer's asking price and the seller's bid price. The Second Circuit found that the defendant could not be found guilty of securities fraud just because he knowingly violated a NYSE rule without "some proof of manipulation or a false statement, breach of a duty to disclose, or deceptive communicative conduct." 533 F.3d 143, 150 (2d Cir. 2008). "Broad as the concept of 'deception' may be, it irreducibly entails some act that gives the victim a false impression." Id. at 148. Here, contrary to the Defendant's argument, the indictment charges exactly that—that Aleksic knowingly violated New York law by

2

employing unlicensed physical therapists and then deceived various health care providers about it in order to obtain reimbursements. (Second Superseding Indictment, ¶¶ 7, 9-11.) Therefore, this evidence is directly relevant to the fraud charges and thus admissible.

Because these acts are part of the charged fraud, the Defendant's argument under FRE 404(b) is similarly without merit. FRE 404(b) "governs the admissibility of *other* crimes, wrongs, or acts," not those which are part of the criminal conduct charged. Fed.R.Evid. 404(b) (emphasis added). See also United States v. Curley, --- F.3d ---, 2011 WL 1532212 at *4 (2d Cir. Apr. 25, 2011) ("Rule 404(b) of the Federal Rules of Evidence governs the admissibility of . . . evidence of crimes, wrongs, or acts other than those charged in the indictment.") (Internal quotation omitted.) Aleksic's use of unlicensed physical therapists and subsequent fraudulent requests for reimbursement are clearly embraced by the indictment.

The Defendants' final argument, that the evidence sought to be introduced should be precluded under FRE 403 is also groundless. Rule 403 of the Federal Rules of Evidence allows a district court to exclude otherwise relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed.R.Evid. 403. Evidence that the Defendant fraudulently sought reimbursement by alleging he was employing licensed professionals when in reality he was not is neither confusing nor misleading. The extremely probative nature of the evidence is not "substantially outweighed" by any danger of prejudice.

## Conclusion

For the following reasons, Defendants' motion is hereby DENIED.

SO ORDERED.

Dated:     Brooklyn, New York
           May 13, 2011

                              _____/s/_____

                              I. Leo Glasser
                              United States Senior District Judge